369 A.2d 414

COMMONWEALTH of Pennsylvania

v.

**ONE (1) 1971 FORD LTD, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1975.

Decided Nov. 22, 1976.

Jerry A. Snyder, Allentown, for appellant.

Joseph V. Huber, Assistant District Attorney, and George J. Joseph, District Attorney, Allentown, for appellee.

Before WATKINS, P. J., CERCONE, PRICE and VAN der VOORT, JJ.

WATKINS, President Judge:

This is an appeal from the order of the Court of Common Pleas of Lehigh County, ordering the forfeiture of a 1971 Ford LTD under the provision of the Drug, Device and Cosmetic Act, 35 P.S. § 780–128(a)(4). That portion of the act provides, inter alia:

"(a) The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them: . . .

(4) All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2) except that:
. . .

(ii) no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent; . . .

(iv) no conveyance shall be forfeited under this section for violation of clauses (16) and (31) of subsection (a) of section 13."

The owner of the forfeited vehicle, Dennis Shelanick, and his brother, James, went into a bar known as the Hofbrau Haus in Catasauqua, Lehigh County. The record states that while there, James met two men and discussed the sale of hashish. One of the men was an undercover state policeman, the other an undercover local policeman. The evidence is that the meeting was ar-

ranged in advance. After some discussion about the quality of the product, James went over to Dennis and they proceeded to the car. Dennis drove while the other three and an unidentified fourth person concluded the drug deal, which ended with the delivery of 6 grams of hashish and marijuana. James and Dennis were in the front seat while the other three were in the back of the car. There is conflicting testimony as to whether Dennis had knowledge of the proposed sale. The state trooper, Officer Karavan testified that he asked Dennis if the "stuff" was good and that Dennis had replied "It will really get you high. It's good stuff." The other officer testified that he heard no such conversation. Dennis testified he thought he was going to the car to smoke marijuana. James also testified that it was his opinion that Dennis thought they were going to the car to smoke marijuana and that Dennis did not know about a proposed drug sale.

Dennis Shelanick, the owner of the car, was charged with conspiracy on the drug deal. The hearing on the forfeiture petition was scheduled before the trial on the criminal charge. Dennis's counsel moved for a continuance of the hearing on the ground that his client's testimony on the petition would jeopardize his Fifth Amendment rights. The court ruled that Dennis did not have to testify and refused the continuance.

This appeal is advanced on three grounds.

The first is that the continuance was improperly refused. Dennis argues that in order to protect his property right in the car he was forced to testify which was a violation of his Fifth Amendment right to be silent. He was thus forced to give up either his due process rights in the forfeiture proceedings or his Fifth Amendment right not to testify against himself.

The Commonwealth argues that Dennis was not forced to sacrifice his Fifth Amendment right against self-incrimination as this is an *in rem* action against the vehi-

cle and cites *Fell v. Armour*, 355 F.Supp. 1319 (1972) to support the proposition. The cited case, however, merely finds that a statute similar to the Pennsylvania forfeiture statute meets the Fourteenth Amendment and Fifth Amendment standard of due process on its face. The case does not hold that the owner must be forced to sacrifice his right against self-incrimination. We feel the better procedure would have been to hold the hearing after the trial on the criminal charges. Then the owner would not have had to sacrifice his rights in order to testify. The statute requires forfeiture of the vehicle if it is used in a drug sale. If the owner was found guilty of conspiracy the transcript of the trial itself together with the guilty verdict would be sufficient proof to forfeit the car. This procedure would not require the owner to choose between his right to silence and his forfeiture of the car because of his silence.

In view of our decision we need not rule on the two remaining issues.

Order reversed; new hearing granted.

JACOBS, HOFFMAN and SPAETH, JJ., did not participate in the consideration or decision of this case.