## Commonwealth v. One 1976 Ford Truck Van

*Michael Moyer, Assistant District Attorney*, and *William H. Platt, District Attorney*, for Commonwealth.
*Alan Ellis*, for respondent.

DAVISON, *J.*, May 23, 1978—This proceeding challenges the validity of the forfeiture provisions of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-128.

On July 19, 1977, the Commonwealth filed a petition for seizure and forfeiture of the 1976 Ford truck van alleged to have been involved in the transportation for sale of a controlled substance some three weeks earlier. A hearing was deferred pending disposition of the underlying criminal charges: see Com. v. One (1) 1971 Ford LTD, 245 Pa. Superior Ct. 303, 369 A. 2d 414 (1976). Thereafter, Guy Wagner, respondent herein, pled guilty in Monroe County Court to two counts of delivery of a controlled substance.

Respondent does not dispute the merits of the forfeiture claim. Indeed, his counsel concedes that he has been afforded notice and an opportunity to be heard in defense of his vehicle. Rather, he asserts that the forfeiture provisions of The Controlled Substance, Drug, Device and Cosmetic Act are facially unconstitutional as violative of procedural due process by reason of the statute's failure to require the necessary procedural amenities.

While respondent's standing to challenge the constitutionality of the forfeiture statute is not without question since he has not been injured by any alleged deficiency in the wording thereof, it is obvious that he nonetheless has a sufficient stake in that he faces the loss of his vehicle and we will therefore decide the question raised: People v. Campbell, 39 Mich. App. 433, 198 N.W. 2d 7 (1972).

The forfeiture provisions for vehicles used in transporting controlled substances in Pennsylva-

nia have their roots in the Uniform Controlled Substances Act (U.L.A.) §505 which has been adopted by the legislatures of at least 45 jurisdictions. The relevant provisions of the Pennsylvania enactment, namely those found in 35 P.S. §780-128, are:

"(a) The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:
" . . .
"(4) All conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2) except that:
"(i) no conveyance used by any person as a common carrier in the transaction of business as a common carrier shall be forfeited under the provisions of this section unless it shall appear that the owner or other person in charge of such conveyance was a consenting party or privy to a violation of this title;
"(ii) no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent;
"(iii) no bona fide security interest retained or acquired under the Uniform Commercial Code by any merchant dealing in new or used aircraft, vehicles or vessels, or retained or acquired by any licensed or regulated finance company, bank, lending institution, or by any other business regularly engaged in the financing of, or lending on the security of, such aircraft, vehicles or vessels, shall be

subject to forfeiture or impairment; and

"(iv) no conveyance shall be forfeited under this section for violation of clauses (16) and (31) of subsection (a) of section 13.

". . .

"(b) Property subject to forfeiture under this act may be seized by the law enforcement authority upon process issued by any court of common pleas having jurisdiction over the property. Seizure without process may be made if:

"(1) The seizure is incident to an arrest or a search under a search warrant or inspection under an administrative inspection warrant;

"(2) The property subject to seizure has been the subject of a prior judgment in favor of the Commonwealth in a criminal injunction or forfeiture proceeding under this act;

"(3) There is probable cause to believe that the property is dangerous to health or safety; or

"(4) There is probable cause to believe that the property has been used or is intended to be used in violation of this act.

"(c) In the event seizure without process occurs, as provided herein, proceedings for the issuance thereof shall be instituted forthwith.

"(d) Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the law enforcement authority subject only to the orders and decrees of the court of common pleas having jurisdiction over the forfeiture proceedings and of the secretary. When property is seized under this act, the law enforcement authority shall:

"(1) Place the property under seal; and either

"(2) Remove the property to a place designated by it; or

"(3) Require that the department take custody of the property and remove it to an appropriate location for disposition in accordance with law.

"(e) Whenever property is forfeited under this act, the property shall be transferred to the custody of the department and the secretary may:

"(1) Retain the property for official use;

"(2) Sell any forfeited property which is not required to be destroyed by law and which is not harmful to the public, but the proceeds from any such sale shall be used to pay all proper expenses of the proceedings for forfeiture and sale including expenses of seizure, maintenance of custody, advertising and court costs.[1]"

Our research has uncovered Fell v. Armour, 355 F. Supp. 1319 (M.D. Tenn. 1972), in which the Uniform Act's forfeiture section as adopted by Tennessee was declared facially unconstitutional as an abridgment of the Fourteenth Amendment due process clause. Fell reasoned that the statute contained no requirement that an owner of a seized vehicle be given either notice or an opportunity to be heard with the burden of proof on the state to prove the propriety of forfeiture. A decision of the Pennsylvania Superior Court, Com. v. One (1) 1971 Ford LTD, supra, alludes to Fell in such a way as could be construed to contradict the Fell holding. However, our analysis of the LTD and Fell decisions leads us to conclude that the LTD case was referring to another part of the Fell opinion which ruled that other provisions of the statute are constitutionally permissible.

---

1. The above language duplicates that in the U.L.A. draft *verbatim*.

The Supreme Court of Washington, in State v. Matheason, 84 Wash. 2d 130, 524 P. 2d 388, 390 (1974), relied upon by respondent's counsel, faced with a constitutional attack on the exact language before us now, held the Uniform Act's forfeiture provisions to be violative of due process for the following reasons:

"The United States Supreme Court, in an opinion handed down subsequent to oral argument in this case, held the Puerto Rican seizure and forfeiture statutes to be constitutional although no preseizure notice or hearing was provided. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 40 L.Ed. 2d 452, 94 S.Ct. 2080 (1974). The court noted at page 679 [94 S.Ct. at page 2089]: First, seizure under the Puerto Rican statutes serves significant governmental purposes: Seizure permits Puerto Rico to assert in rem jurisdiction over the property in order to conduct forfeiture proceedings, thereby fostering the public interest in preventing continued illicit use of the property and in enforcing criminal sanctions. Second, preseizure notice and hearing might frustrate the interests served by the statutes, since the property seized—as here, a yacht—will often be of a sort that could be removed to another jurisdiction, destroyed, or concealed, if advance warning of confiscation were given. And finally, unlike the situation in Fuentes [Fuentes v. Shevin, 407 U.S. 67, 32 L.Ed. 2d 556, 92 S.Ct. 1983 (1972)], seizure is not initiated by self-interested private parties; rather, Commonwealth officials determine whether seizure is appropriate under the provisions of the Puerto Rican statutes. In these circumstances, we hold that this case presents an 'extraordinary' situation in which postponement of

notice and hearing until after seizure did not deny due process. (Footnotes omitted.)

"A comparision of our statute with the Puerto Rican statutes upheld in Calero compels a finding that subsection (b)(4) still cannot be allowed to stand. Seizure of appellant's property in Calero was accomplished pursuant to Puerto Rico Laws Ann., Title 34 §1722. As required by that statute, the lessee of the yacht was given notice within 10 days of the seizure. When a challenge to the seizure was not made within 15 days after service of the notice, the yacht was forfeited pursuant to §1722(c). By contrast RCW 69.50.505(c) simply states: 'In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly.' Subsection (d) states: 'Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the board or seizing law enforcement agency subject only to the orders and decrees of the superior court having jurisdiction over the forfeiture proceedings.' There is no provision in RCW 69.50.505(b)(4) for notice and a hearing even after seizure. While Calero holds that in an extraordinary situation such as this, notice and a hearing may be postponed until after seizure, it does not allow for abolishment of notice and a hearing.

"Inasmuch as subsection (b)(4) does not provide for notice and hearing even after seizure it is violative of due process even under the holding in Calero. Accordingly, the trial court is reversed and the order of forfeiture is dismissed." See also: State of Louisiana v. 1971 Green GMC Van, 354 So. 2d 479 (La. 1977).

The language of our statute is identical in all pertinent respects to the Washington law. Both fail

to mandate any sort of notice or hearing to effect the forfeiture itself and, consequently offend due process.[2] Neither the fact that these forfeiture provisions may well be desirable, designed as they may

---

2. By contrast, the Pennsylvania Liquor Code of April 12, 1951, P.L. 90, contains a relatively elaborate mechanism to insure procedural due process in cases where the Liquor Board seeks the forfeiture of vehicles used in the illegal transportation of liquor. 47 P.S. §6-602 provides:

"(a) The proceedings for the forfeiture or condemnation of all property shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of quarter sessions, verified by oath or affirmation of any officer or citizen, containing the following: (1) a description of the property so seized; (2) a statement of the time and place where seized; (3) the owner, if known; (4) the person or persons in possession, if known; (5) an allegation that the same had been possessed or used or was intended for use in violation of this act; (6) and, a prayer for an order of forfeiture that the same be adjudged forfeited to the Commonwealth, unless cause be shown to the contrary.

"(b) A copy of said petition shall be served personally on said owner if he can be found within the jurisdiction of the court, or upon the person or persons in possession at the time of the seizure thereof. Said copy shall have endorsed thereon a notice as follows:

" 'To the Claimant of Within Described Property: You are required to file an answer to this petition, setting forth your title in and right to possession of said property, within fifteen (15) days from the service hereof; and you are also notified that if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.'

"Said notice shall be signed by petitioner or his attorney, or the district attorney or the Attorney General.

"(c) If the owner of said property is unknown or outside the jurisdiction of the court and there was no person in possession of said property when seized, or such person so in possession cannot be found within the jurisdiction of the court, notice of said petition shall be given by an advertisement in only one newspaper of general circulation published in the county

be for the purpose of crippling illegal trafficking in drugs, nor the fact that forfeiture procedures have been adopted and followed by the District Attorney of Lehigh County and various district attorneys' offices which comport with due process save the statute, for as the Michigan Court of Appeals held in People v. Campbell, supra, at 439, 443 " . . . But

---

where such property shall have been seized, once a week for two (2) successive weeks. No other advertisement of any sort shall be necessary, any other law to the contrary notwithstanding. Said notice shall contain a statement of the seizure of said property, with a description thereof, the place and date of seizure, and shall direct any claimants thereof to file a claim therefor on or before a date given in said notice, which date shall not be less than ten (10) days from the date of the last publication.

"(d) Upon the filing of any claim for said property, setting forth a right of possession thereof, the case shall be deemed at issue and a time be fixed for the hearing thereof.

"(e) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (1) that he is the owner of said property, (2) that he lawfully acquired the same, and (3) that it was not unlawfully used or possessed.

"In the event such claimant shall prove by competent evidence to the satisfaction of the court that said liquor, alcohol or malt or brewed beverage, or still, equipment, material, utensil, vehicle, boat, vessel, container, animal or aircraft was lawfully acquired, possessed and used, then the court may order the same returned or delivered to the claimant; but if it appears that said liquor, alcohol or malt or brewed beverage or still, equipment, material or utensil was unlawfully possessed or used, the court shall order the same destroyed, delivered to a hospital, or turned over to the board, as hereinafter provided, or if it appears that said vehicle, boat, vessel, container, animal or aircraft was unlawfully possessed or used, the court may, in its discretion, adjudge same forfeited and condemned as hereinafter provided."

the forfeiture statute at issue cannot be upheld simply because notice and a hearing were actually provided . . . The constitutionality of the act must rest upon provisions of the act itself . . . The constitutionality of the challenged statute can only be sustained if the due process standards are contained within its provisions . . . "

We have not been made aware of any case in Pennsylvania that has addressed the constitutional issue raised here. Enforcement has been implicitly approved: Com. v. One (1) Ford LTD, supra; Com. v. One 1966 Porsche Coupe, 97 Dauph. 243 (1975). However, the issue is squarely before us and we are satisfied that the presumption of constitutionality has been overcome in this case. See Pickar v. Owen J. Roberts School Dist., 4 Pa. Commonwealth Ct. 273, 286 A. 2d 14 (1972); Jackson v. William Penn Bd. of School Directors, 63 Del. Co. 4, 73 D. & C. 2d 443 (1975).

Accordingly, we are obliged to dismiss the Commonwealth's petition since no forfeiture can be lawfully effected under the subject statute.

### ORDER

Now, May 23, 1978, for the reasons set forth in the accompanying opinion, after oral argument and upon due consideration of the briefs submitted by counsel, it is hereby ordered and decreed that the Commonwealth's petition for seizure and forfeiture be and the same is hereby denied and dismissed.