One 1965 Buick 4 Door Sedan, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Albert J. Jones,* for appellant.

*John Lee Brown, Jr.,* Assistant District Attorney, with him *Edward J. Tocci,* District Attorney, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 25, 1979:

Timothy P. McCormick appeals two orders, one denying his petition for return of his 1965 Buick Sedan and one ordering forfeiture, of the Department of Justice, Bureau of Drug Control. We affirm.

On May 19, 1974, McCormick's automobile was seized after a search pursuant to warrant disclosed a trunk full of 23 pounds of marijuana. A petition for forfeiture was filed on April 15, 1974, and a hearing was scheduled for April 30, 1974. McCormick received notice of the hearing through his attorney and filed a timely answer.

Appellant's complaint arises out of these events. The scheduled hearing was continued and the record does not reveal who moved for the continuance, the reason for the continuance,[1] or the date on which the matter was scheduled to be heard. No hearing was held until May 2, 1977, after McCormick filed a petition for return of his property.

___

[1] The probable reason for the continuance was for the purpose of disposing of the criminal charges against McCormick who was subsequently convicted.

Initially, we determine that the forfeiture provisions of the Controlled Substance, Drug, Device and Cosmetic Act[2] meet due process requirements. Notice and hearing are provided for by reading Sections 28 and 29 of the Act in reference to each other.[3]

Has a delay of approximately three years, in the context of this case, violated McCormick's right to a hearing within a reasonable time? Nothing in the record indicates that plaintiff was in any way prejudiced by the delay or that such delay was deliberate. Judge ROWLEY, writing in this matter for the court below, ably noted:

> The record is silent concerning the period from July 14, 1974 to March 31, 1977 in this case. Whatever the reason, however, the burden was on respondent to establish that the lack of any activity was for some improper purpose and/or that he has been prejudiced, i.e., harmed in some way. This he has totally failed to do. The only 'prejudice' he claims is the loss of his car but that is the same 'prejudice' suffered by every person that uses his car to facilitate illegal drug activity. Moreover, such 'prejudice' is *not* a result of the delay from 1974 to 1977 but on the contrary is solely a result of respondent's illegal use of the car. Respondent makes no claim that he is innocent, or that the car was not used by him, or that it is really owned by some innocent third party. It is clear that he was pursuing appeals of his conviction and that he was represented by

---

[2] Sections 28 and 29 of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-128, 780-129.

[3] This despite the contrary holding of *Commonwealth v. One 1976 Ford Truck Van*, 6 Pa. D. & C. 3d 511 (1978), *aff'd* 8 Pa. D. & C. 3d 115 (1979).

counsel. He could have requested, and received, a hearing at any time.

Accordingly, we

### ORDER

AND Now, this 25th day of September, 1979, the order of the Court of Common Pleas of Beaver County at No. 81 of 1974 is affirmed.