## Commonwealth v. Wasser

*Michael Vedomsky, Assistant District Attorney,* for Commonwealth.

*Bernard V. O'Hare, III,* for defendant.

FREEDBERG, *J.,* March 10, 1980—This matter is before the court upon defendant's petition for return of his 1978 Harley Davidson motorcycle.

At a hearing before this court on January 9, 1980, defendant and the Commonwealth stipulated to the following facts:

1. On September 16, 1979, defendant was arrested by the state police and charged with various drug offenses.

2. At the time of the arrest he was operating his 1978 Harley Davidson motorcycle.

3. The motorcycle was seized by the police and remains in their possession.

4. Defendant's demands for return of the motorcycle have been refused.

5. On November 9, 1979, the Commonwealth published a notice of seizure of the motorcycle in the Bethlehem Globe-Times; the notice asserted that a petition requesting forfeiture of the vehicle was filed on November 8, 1979, in the Court of Common Pleas of Northampton County.

6. The forfeiture petition was not filed by the Commonwealth until January 9, 1980.

Defendant has not been tried on the drug charges as of the date of this opinion.

The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-128, provides for forfeiture of vehicles used or intended for use in transporting, selling, or possessing controlled substances in violation of the act. Seizure without process, as occurred here, is authorized in subsection (b) thereof. However, subsec-

tion (c) requires: "In the event seizure without process occurs . . . proceedings for the issuance thereof shall be instituted forthwith."

Defendant contends that the filing of the petition for forfeiture 115 days after the seizure violates the statutory requirement and mandates the return of his motorcycle. In the three Pennsylvania cases passing on this issue, the courts held that under the facts before them the requirement of filing "forthwith" had been satisfied: Com. v. One 1966 Porsche Coupe, 97 Dauph. 243 (1975) (three weeks); Com. v. One 1965 Rambler Sedan, 6 D. & C. 3d 603 (1977) (47 days); Com. v. One 1970 Fiat Sedan, 6 D. & C. 3d 607 (1978) (27 days). However, we are unable to conclude that the nearly four-month delay herein constitutes timely action on the Commonwealth's part.

The statutory section under which the Commonwealth seeks to proceed for forfeiture is quasi-criminal in character, though civil in form: Com. v. Landy, 240 Pa. Superior Ct. 458, 362 A. 2d 999 (1976); see also One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed. 2d 170 (1965). Forfeitures are odious: U.S. v. One 1965 Cadillac 2-Door Coupe, 260 F. Supp. 761 (D.C. W.D. Pa. 1966). Forfeiture statutes are to be strictly construed: 36 Am. Jur. 2d, Forfeitures and Penalties, §8; see also 1 Pa.C.S.A. §1928. With these principles in mind, we are unable to conclude that an unexplained 115-day delay in filing the petition for forfeiture constitutes action "forthwith." See City of Everett v. Slade, 83 Wash. 2d 80, 515 P. 2d 1295 (1973), holding that a delay of two months is too long a period to satisfy the requirement of acting "promptly" in filing a forfeiture petition. As noted in State v. One (1) Ford Van,

Econoline, 154 N.J. Super. 326, 336, 381 A. 2d 387 (1977):

"The requirement of 'prompt' action is of constitutional dimension. Where the delay is unjustified forfeiture proceedings are defeated on the reasoning that the deprivation of property during the intervening period constitutes a denial of due process."

No explanation has been offered for the delay in filing the forfeiture petition. Nor has defendant contributed to the delay. That defendant would have been entitled to a continuance of the forfeiture hearing until after trial had he so requested, Com. v. One (1) 1971 Ford LTD, 245 Pa. Superior Ct. 303, 369 A. 2d 414 (1976), does not excuse the failure of the Commonwealth to initiate the forfeiture proceedings in a timely manner. See State v. One (1) Ford Van, Econoline, supra.*

Wherefore, we enter the following

## ORDER

And now, March 10, 1980, defendant's petition for return of his 1978 Harley Davidson motorcycle is granted. The Commonwealth's forfeiture petition is dismissed.

---

*Defendant has also raised constitutional challenges to the forfeiture statute. See Com. v. One 1976 Ford Truck Van, 6 D. & C. 3d 511 (1978). Our decision makes it unnecessary to reach those arguments for a court should decide a case on constitutional grounds only if necessary: Shuman v. Bernie's Drug Concessions, 409 Pa. 539, 187 A. 2d 660 (1963); Com. v. Black, 251 Pa. Superior Ct. 539, 380 A. 2d 911 (1977).