424 A.2d 1323

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**ONE 1976 FORD TRUCK VAN, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1980.

Decided Feb. 5, 1981.

William H. Platt, Dist. Atty., Michael E. Moyer, Asst. Dist. Atty., Lehigh, for appellant.

Alan Ellis, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On July 29, 1977, the Commonwealth commenced this forfeiture proceeding by petition in the Court of Common Pleas of Lehigh County under §§ 28 and 29 of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, as amended, 35 P.S. §§ 780–128 and 780–129 (the Act). The subject of the proceeding was a 1976 Ford truck van which appellee Guy Walter Wagner had used for the unlawful transportation of marijuana and cocaine. The only defense appellee asserted was that §§ 28 and 29—the forfeiture provisions—of the Act were "violative of [his] rights to due process of law under the Fourteenth Amendment to the United States Constitution and the applicable provisions of the Pennsylvania Constitution." After holding that the forfeiture provisions of the Act were unconstitutional because they failed to mandate notice or an opportunity to be heard prior to forfeiture, the Court of Common Pleas denied the Commonwealth's

petition. 6 Pa. D.&C.3d 511, *aff'd*, 8 Pa. D.&C.3d 115 (1978). The Commonwealth has appealed directly to this Court.[1]

The Commonwealth asserts that appellee lacks standing to challenge the constitutionality of the forfeiture provisions of the Act. Counsel for appellee conceded in the court below "that [appellee] has been afforded notice and an opportunity to be heard in defense of his vehicle." 6 Pa. D.&C.3d at 512. Despite this concession and the court's recognition that "the respondent's standing to challenge the constitutionality of the forfeiture statute is not without question since he has not been injured by any alleged deficiency in the wording thereof," *id.*, the court went on to resolve the constitutional issue before it. We think that appellee's standing in this case is not merely questionable; it is, rather, wholly lacking. Accordingly, we do not reach the constitutional issue presented.[2]

Our cases hold that "no one has standing to question the constitutionality of an Act of Assembly unless and until he can show that *his* constitutional rights have been or will be violated by the Act's enforcement." *Booz v. Reed*, 398 Pa. 172, 175–76, 157 A.2d 170, 172 (1960) (emphasis added). *See also Rich Hill Coal Company v. Chesnut*, 355 Pa. 13, 47 A.2d 801 (1946); *Knowles' Estate*, 295 Pa. 571, 145 A. 797, 63 A.L.R. 1086 (1929).

In this case, appellee has suffered no violation of *his* constitutional right to due process. Even if the forfeiture provisions of the Act were unconstitutional on their face, any violation of appellee's rights that would have resulted from strict compliance with the Act has been prevented by the actual notice and opportunity for hearing that appellee received. We therefore hold that appellee has no standing

1. *See* Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.A. § 722(7).

2. We note, however, that since the date of the lower court's opinions in this case, the Commonwealth Court has determined that the forfeiture provisions of the Act meet due process requirements. *One 1965 Buick 4 Door Sedan v. Commonwealth*, 46 Pa.Cmwlth. 189, 408 A.2d 157 (1979) (petition for allowance of appeal denied, February 20, 1980).

to challenge the constitutionality of The Controlled Substance, Drug, Device and Cosmetic Act.

The order of the Court of Common Pleas of Lehigh County is reversed and the case is remanded for further proceedings.

ROBERTS, J., would vacate the order and remand the case.