## Commonwealth v. One 1975 Pontiac Coupe

*Joseph Lynch, John Skellenberger* and *Harvey Bartle*, for Commonwealth.
*John McDougall*, for owner.

DIGGINS, Sr., *J.*, February 24, 1981—This case involves the Commonwealth's petition for the seizure and forfeiture of a 1975 Pontiac Coupe which the Commonwealth contends was used to facilitate the sale of drugs.

On May 8, 1980 James G. Sliben, Jr. attempted to sell to State Trooper Thomas L. Stern 1200 Methaqualone tablets for cash in the amount of $3,432. However, Trooper Stern arrested Sliben and charged him with violating sections 13(a)(16) and (30) of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §§780-113(a)(16) and (30). On October 20, 1980 James G. Sliben, Jr. pled guilty to said charge in the Delaware County Common Pleas Court. In conformity with section 780-129, of The Controlled substance, Drug, Device and Cosmetic Act, one 1975 Pontiac Coupe bearing Pennsylvania registration ADR-472, allegedly owned by the accused, James G. Sliben, Jr., was seized on May 8, 1980 at the time of Sliben's arrest. The instant petition of seizure and forfeiture was filed in this court on August 22, 1980. Proper advertisement of such seizure was published in the Delaware County Daily Times and proof of such advertisement has been filed with this court. A hearing was had on the instant petition of forfeiture on November 10, 1980. James G. Sliben, Jr. was present and was represented by counsel.

It is uncontroverted that Mr. Sliben drove the undercover officer Trooper Stern to Morton, Pa. in the Pontiac. Mr. Sliben than left the car, acquired the drugs in an apartment complex, and returned to the car where he attempted to sell Trooper Stern the drugs and was arrested.

Respondent challenges the use of 35 P.S. §§780-128 and 129, arguing that the legislature's transfer on June 7, 1976 (effective July 1, 1977) of the Act of July 3, 1941, P.L. 263, from 75 P.S. §2051 et seq. to 35 P.S. §831.1 et seq. makes 35 P.S. §831.1 et seq. the controlling statute.

Assuming, without deciding, that on the facts before us 35 P.S. §831.1 et seq. is the controlling statute, respondent failed to convince this court that the vehicle did not contribute in some reasonable degree to the commission of the crime.

The Act, 35 P.S. §831.1, applies to "[a]ny . . . vehicle or conveyance in which is stored, contained or transported any narcotics or drugs. . . ." The facts presented to this court clearly establish that the defendant was in the car with the drugs at the time he attempted to sell them to Trooper Stern and was arrested. The language of the statute clearly encompasses drugs contained within the vehicle. The drugs in this case were within the confines of the vehicle, therefore 35 P.S. §831.1 et seq. applies and the Commonwealth may properly seize the vehicle.

Mr. Sliben cites Com. v. Denham, 12 Pa. Commonwealth Ct. 593, 317 A. 2d 328 (1974), which dealt with suspension of driving privileges.

Unlike Com. v. Denham, which dealt with the seizure of an operator's license for receiving a stolen automobile, the Legislature has expressed its intent in this area not once but twice.

In One 1965 Buick 4 Door Sedan v. Com., 46 Pa. Commonwealth Ct. 189, 408 A. 2d 157 (1979), the Commonwealth Court noted the holding of Com. v. One 1976 Ford Truck Van, 6 D. & C. 3d 511 (1978), and 8 D. & C. 3d 115 (1978), and chose not to follow the Lehigh County Court's decision which is on appeal to the Pennsylvania Supreme Court.

The Commonwealth Court found 35 P.S. §§780-128 and 129 met due process requirements. There, as here, respondent had notice, a hearing, and was represented by counsel.

As in the case of Com. v. One 1976 Lancia Fiat, no. 275, Miscellaneous, July, 1979, Montgomery County, the automobile was the scene of the trans-

feror's attempted transfer of a controlled substance.

Thus respondent's argument that the Commonwealth's use of 35 P.S. §§789-128 and 129 should not be allowed because it is more favorable than 35 P.S. §831.1 et seq. must fail. Whether the Commonwealth had used the "facilitate" language of 35 P.S. §§780-128 and 129 or the "contained" language of 35 P.S. §831.1 et seq., the result in this case would be identical and we will so order.

Therefore, we enter the following

## ORDER

And now, February 23, 1981, the petition of forfeiture is granted and title to the 1975 Pontiac Coupe, Manufacturer's serial no. 2K57S5A16C375, Pennsylvania Registration no. ADR-472 is transferred to the Commonwealth of Pennsylvania.