## Commonwealth v. Wible

*James F. Marsh, district attorney,* for the Commonwealth.

*George W. Westervelt, Jr.,* for defendant.

WILLIAMS, *Sr.J.,* January 8, 1986—Defendant was arrested on March 24, 1985, charged with multiple violations of the Controlled Substance Act. Pursuant to the arrest, the police seized a truck and have retained it to this date. The Commonwealth has not filed a petition seeking forfeiture of the truck. Defendant has petitioned for a return of the truck asserting that the Commonwealth has failed to comply with the provisions of the Controlled Sub-

stance Act in that it has failed to file forthwith upon seizure of the truck, a petition for forfeiture.

## DISCUSSION

The Controlled Substance Act, 35 P.S. §780-128, authorizes the seizure and forfeiture of a motor vehicle utilized in the sale or transportation of illegal drugs. The act further provides that if seizure is without process, proceedings for the forfeiture thereof shall be instituted forthwith. The Commonwealth has never instituted forfeiture proceedings. Defendant contends that the failure to comply with the act entitles her to a return of the truck.

The Commonwealth argues that since defendant has not been tried and convicted, it would be premature for the Commonwealth to seek forfeiture of the truck. This argument overlooks the provision that defendant would have been entitled to a continuance of the hearing until after trial if she requested it. Commonwealth v. One Ford Ltd., 245 Pa. Super. 303, 369 A.2d 414 (1976).

The term "forthwith" is defined in Commonwealth v. One 1976 Oldsmobile Cutlass Supreme, 85 Pa. Commw. 432, 482 A.2d 686 (1984), where the court stated:

"This court has previously defined the term 'forthwith' as it was used in the Vehicle Code.[2] (Footnote omitted.) 'We never have construed the 'forthwith' requirement to fix an arbitrary time limit; rather, we have held that . . . compliance within a reasonable time is sufficient.' Department of Transportation, Bureau of Traffic Safety v. Passerella, 42 Pa. Commw. 352, 354, 401 A.2d 1, 2 (1979). '[A]bsent a showing of prejudice, the mere passage of time . . . is not sufficient justification to set aside the action . . . . ' Department of Transpor-

tation, Bureau of Traffic Safety v. Lea, 34 Pa. Commw. 310, 312, 384 A.2d 269, 270-71 (1978). We find this definition equally applicable here."

The case further holds that in a forfeiture proceeding, defendant to prevail has the burden of proving that he has been prejudiced by the delay, saying:

"Here, the petition for forfeiture was filed before the criminal trial was commenced and the forfeiture hearing was delayed until after the criminal trial. Under these circumstances, the 82-day delay was reasonable and no real prejudice to Bell resulted. The prejudice which Bell claims is the loss of the use of his car but, as we said in One 1965 Buick four-door Sedan v. Commonwealth, 46 Pa. Commw. 189, 191, 408 A.2d 157, 158 (1979), 'that is the same 'prejudice' suffered by every person that uses his car to facilitate illegal drug activity. Moreover, such 'prejudice' is . . . solely a result of . . . . illegal use of the car.' "[3] (Footnote omitted.)

This principal of law was first adopted by the Commonweath Court in One 1965 Buick Four-Door Sedan v. Commonwealth of Pennsylvania, 46 Pa. Commw. 189, 408 A.2d 157 (1979). The court stated:

"The record is silent concerning the period from July 14, 1974 to March 31, 1977 in this case. Whatever the reason, however, the burden was on respondent to establish that the lack of any activity was for some improper purpose and/or that he has been prejudiced, i.e., harmed in some way. This he has totally failed to do. The only 'prejudice' he claims is the loss of his car but that is the same 'prejudice' suffered by every person that uses his car to facilitate illegal drug activity. Moreover, such 'prejudice' is not a result of the delay from 1974 to

1977 but on the contrary is solely a result of respondent's illegal use of the car."

The requirement of prejudice was adopted by the Superior Court in Lappas v. Brown, 335 Pa. Super. 108, 483 A.2d 979 (1984), where the petition for forfeiture was filed more than a year after seizure. While the court held that money was not subject to forfeiture under 35 P.S. §780-128, it did adopt requirement of prejudice to warrant the return of the seized property, stating:

"Although we do not wish to encourage the late filing of Petitions in Forfeiture, under the facts of this case, we find no prejudice claimed or apparently suffered by Brown or appellant. (See One 1965 Buick Four-Door Sedan v. Commonwealth, 46 Pa. Commw. 189, 408 A.2d 157 (1979), which introduced the concept of prejudice into the analysis of whether a delay of three years before commencement of a forfeiture hearing violated the owner's right to a hearing within a reasonable time). With respect to Brown, although he had a right to, he apparently did not file a motion for the return of his property under Pa.R.Crim.P. 324.[5] (Footnote omitted). With respect to appellant, no claim of prejudice appears nor does it seem likely that there has been any prejudice to his rights. Although it is true that the Commonwealth waited for one year after the funds were taken into custody before it filed a petition, the fund would certainly have been held in custodia legis for us as evidence or for disposition in satisfaction of the fines and costs imposed upon Brown at sentencing and would, therefore, not have been available to Brown or appellant in any event.

"Moreover, the hearing on the petition was properly held after resolution of the charges against Brown. Commonwealth v. One 1971 Ford Ltd., 245 Pa. Super. 303, 369 A.2d 414 (1976). Brown plead-

ed guilty to the charge brought against him, and this plea could easily have been withdrawn before sentencing. We note that the Commonwealth's petition was filed less than two weeks after sentencing. Since we find no prejudice to appellant nor Brown, we will entertain on appeal the court's distribution of the fund."[6] (Footnote omitted.)

Here, defendant seeks a return of the property solely on the lack of timeliness. She makes no assertion that she has been prejudiced by delay. Because defendant has not met her burden of proof to show prejudice due to delay, we deny the petition.

### ORDER

And now, January 8, 1986, petition of defendant for return of motor vehicle seized by the Commonwealth is denied.