Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee, v. Donald W. Thompson, Appellant.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Eugene E. Fike, II,* with him *Fike, Cascio & Boose, P.A.,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, March 4, 1975:

The issue in this motor vehicle license revocation case is whether the lower court was correct in dismissing appellant Thompson's appeal. Appellant was convicted on August 9, 1971, for the offense of driving while intoxicated. As a result of this conviction, on October 28, 1971, appellant was notified by appellee that his license was being revoked, effective November 11, 1971, in accordance with Section 616(a)(1) of The Vehicle Code, Act of April 29, 1959, P. L. 58, *as amended,* 75 P. S. §616(a)(1). The chronology of the events that followed is set forth in the

opinion of the Court of Common Pleas of Somerset County:

"Nov. 23, 1971: Defendant petitioned this Court for an order of supersedeas staying 'suspension . . . and all further proceedings in said cause pending the determination of the petitioner's appeal to the Superior Court . . .', which was granted the same date.

"Nov. 24, 1971: Notice of supersedeas mailed to Department by counsel for defendant.

"Dec. 6, 1971: Department letter to counsel for defendant restoring defendant's privileges 'pending disposition of the case'.

"June 8, 1972: Judgement of sentence affirmed by Superior Court.

"Nov. 8, 1972: Defendant's petition for allocatur denied by Supreme Court.

"Dec. 28, 1973: Copies of orders of Supreme and Superior Courts mailed to Department, as requested by Department.[1]

"Feb. 13, 1974: Notice of revocation from Secretary to defendant.

"March 8, 1974: This appeal filed."

The lower court dismissed that appeal on June 6, 1974, and Thompson has appealed here.

Appellant claims that by waiting for a period of some 15 months before revoking the license, i.e., from November 8, 1972, when the supersedeas expired by virtue of the Supreme Court's denial of allocatur, until February 13, 1974, appellee violated the mandate of Section 616(a) of The Vehicle Code, 75 P. S. §616(a). That Section provides in part: "Upon receiving a certified record, from the clerk of the court, . . . the secretary shall *forthwith* revoke . . . the operating privilege. . . ." (Emphasis added.) Appellant relies on *Department of Transportation*

---

1. The Department requested this information as a result of an inquiry by appellant Thompson in December 1973, to the Department, concerning his insurance rates. (Footnote by this author)

*v. Hosek, Jr.,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971). In *Hosek,* this Court held that a delay of 16 months, from the date of receipt of notice of conviction until the date of notice of revocation, violated the "shall forthwith revoke" requirement of Section 616. Further, in *Hosek,* we upheld the lower court's determination that this delay prejudiced Hosek. The *Hosek* case, however, did not involve a supersedeas. In the instant case, appellee was notified of the conviction and proceeded to notify appellant that his license was being revoked. If there had been an undue delay coupled with prejudice at that point, then *Hosek* might apply here. There was no undue delay in this case between the date that appellee was notified of the conviction and the date the revocation notice was mailed; thus it is clear that the requirements of Section 616 were met.

The supersedeas which was obtained in this case had the effect of staying the revocation of appellant's license. When appellee was made aware of the fact that the supersedeas had expired, the revocation was reinstated within seven weeks. Any delay occasioned by the fact that appellee remained unaware of the expiration of the supersedeas for more than a year can in no way be attributed to appellee.

Affirmed.