# Tomlinson License

*Cecil Maidman, Deputy Attorney General,* for Commonwealth.
*Charles T. McIlhenney,* for appellant.

BECKERT, *J.,* October 19, 1977—The following facts have been furnished to us by stipulation of counsel, in lieu of formal hearing, in order that we may dispose of this appeal from revocation of a motor vehicle operator's license.

## FINDINGS OF FACT

1. Appellant is an adult who resides at R.R. #2, Furlong, Bucks County, Pa.

2. On July 28, 1973, appellant was arrested and charged with operating a motor vehicle while intoxicated in violation of The Vehicle Code of April 29, 1959, P. L. 58, 75 P. S. § 1037.

3. A grand jury returned a true bill of indictment against appellant and on April 23, 1974, he was admitted to the Advanced Rehabilitative Dis-

position (ARD) Program for a probationary period of one year, in lieu of going to trial on the charges against him.

4. On January 29, 1975, more than nine months after commencement of his probationary period, appellant was again arrested and charged with having violated section 1037 of The Vehicle Code.

5. Appellant's arrest on January 29, 1975, was construed by the District Attorney of Bucks County to have been a violation of his probation, and, as a consequence, his probation was revoked and the original charge against him was listed for trial.

6. On January 28, 1976, the charge of January 29, 1975, was nol prossed by the district attorney.

7. The district attorney, notwithstanding the nol pros of the second charge against appellant, refused to reinstate him into the ARD program and on January 28, 1976, appellant entered a plea of guilty to the original charge of July 28, 1973.

8. On January 29, 1976, the record of appellant's conviction was certified to the Department of Transportation, which subsequently mailed to him on March 15, 1977, an official notification that his motor vehicle operating privileges were to be revoked for a period of one year, effective October 19, 1977, as a result of his conviction on January 28, 1976.

9. Prior to the order revoking his operating privileges, appellant was never afforded an administrative or departmental hearing.

## DISCUSSION

Appellant contends that revocation of his motor vehicle operating privileges was improper because:

1. The Department of Transportation unduly delayed the revocation for a period of more than one year after appellant's conviction;

2. Appellant was deprived of his right to an administrative or departmental hearing prior to the revocation; and

3. The revocation itself was, on its face, unlawful under the provisions of the new Vehicle Code which became generally effective on July 1, 1977, Act of June 17, 1976, P. L. 162, 75 Pa. C.S.A. § 101 et seq.

We find that only the first of those arguments has merit but, based thereon, we must reverse the revocation of appellant 's operator's privileges by the Secretary of Transportation because of the undue delay involved. Section 616(a) of The Vehicle Code, 75 P. S. § 616, mandates a one-year revocation by the secretary of the operating privileges of any person who has pleaded guilty (as did appellant) to a charge of operating a motor vehicle while under the influence of intoxicating liquor. However, that statute expressly states that such action must be taken by the secretary "forthwith," and that term has been strictly construed by our courts. In Commonwealth v. Ventresca, 33 Beaver 109 (1973), the appellant operator's appeal was sustained where there was a delay of more than two years between official notification (to the Secretary) of conviction and the act of revocation of the operator's license. There, as here, the Commonwealth offered no explanation for the secretary's failure to comply with the "forthwith" directive so clearly set forth in section 616(a).

In Ventresca, supra, the Commonwealth raised the same argument that it advances here, that

since there has been no showing by the appellant that he was prejudiced, the mere delay in and of itself was not sufficient basis for reversal of the revocation. That argument was quickly laid to rest, however, by reference to Department of Transportation v. Hosek, Jr., 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971), which pointed out that the provisions of The Vehicle Code relating to suspensions do not place upon the Secretary the obligation to act *forthwith* upon being notified of a conviction, as does section 616(a). The cases cited by the Commonwealth in the instant case dealt with appeals from suspension of operators' privileges and, therefore, are distinguishable under Hosek and Ventresca.

This is not a situation where the delay in the license revocation is attributable in part to the existence of a supersedeas, as in Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Morin, 30 Pa. Commonwealth Ct. 381, 373 A.2d 1170 (1977), and Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Thompson, 17 Pa. Commonwealth Ct. 505, 333 A.2d 478 (1975), wherein the Commonwealth Court understandably refused to penalize the secretary for time lost incidental to a judicial stay of proceedings. This record is devoid of any such mitigating evidence in the Commonwealth's favor, and we, therefore, choose to follow the rationale of Commonwealth v. Ventresca, supra, and hold that the secretary's action was untimely due to the unjustified delay of almost 15 months between conviction and notice of revocation.

In view of this conclusion, we need not discuss our reasons for rejecting appellant's other arguments.

## ORDER

And now, October 19, 1977, the within appeal is sustained and the action of the Secretary of Transportation revoking the operating privileges of Joseph H. Tomlinson is reversed.