**Commonwealth v. One 1965 Rambler Sedan**

*Carl Vaccaro, Assistant Attorney General*, for Commonwealth.

*Robert J. Hastings*, and *George Goldstein*, for defendants.

MIMS, *J.*, October 26, 1977—These cases are consolidated for disposition in that the issues in-

volved in all four cases are identical and we have found that our disposition in all four cases must be the same.

These matters come before the court on petition by the Commonwealth for the forfeiture of the four named vehicles in accordance with The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, sec. 28, 35 P.S. §780-128(a)(4). The relevant section of the act deals with the forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2) . . . "

The "property" in question in these cases are varying quantities of cocaine and marijuana which the parties must agree are substances prohibited by the drug act as used. There also appears to be no question that there was in fact the use of the designated vehicles for the transportation of those controlled substances. Although in the case of One 1965 Rambler, defendant contends that the Commonwealth did not prove that one of the defendants had any personal part in the actual negotiations or sale of the controlled substance, that issue will be addressed later in this opinion; however, the major issue raised in all four cases is that there was an unreasonable delay between the seizure of the vehicles and the filing of petitions for forfeiture.

The relevant facts are that in each case the vehicle was seized on May 5, 1976, contemporaneous with the arrest of the respective owners thereof, for violations of the drug act. Subsequent to the arrests, petitions for forfeiture were filed by the

Commonwealth on June 22, 1976. There was no application to the court for process to facilitate said seizures nor is any required where the seizure is made incident to an arrest in accordance with 35 P.S. §780-128(b)(1). Under paragraph (c) of that section proceedings for issuance of process shall be instituted forthwith after prior seizure.

Defendants have taken the position that the delay of 47 days between the seizure and the filing of the petition for forfeiture violates the requirement that process be pursued "forthwith." There has been only one case that either side could cite where the term "forthwith" as used in this act is interpreted. In Com. v. One 1966 Porsche Coupe, 97 Dauph. 243 (1975), there was a delay of three weeks between the seizure of a vehicle and the institution of a forfeiture proceeding. The court in that case merely stated the following at page 245:

"He argues that a delay of three weeks between the seizure of the Porsche and the signing of the Petition for Forfeiture is not 'forthwith' and that the seizure is therefore invalid. No cases have been cited and we have found none which interpret the meaning of 'forthwith' as used in the Act. Without more, we do not find three weeks to be an inordinate delay in instituting process and Walker's plea is denied."

There has not been a valid claim that defendants were in any way prejudiced by the interruption between the seizure and the filing of the petition and we can discern no prejudice there involved. Like the court in Com. v. One 1966 Porsche Coupe, supra, we cannot without more find a 47-day delay to be per se violative of the requirement to file forfeiture petitions "forthwith."

We can look to other sections of the motor vehicle code for some guidance in interpreting the term "forthwith", understanding, of course, that there may be other goals pursued in those sections. The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §616, provides for the department to "forthwith" revoke the operating privileges of one convicted of such an offense. In the case of Commonwealth of Pennsylvania Department of Transportation v. Thompson, 17 Pa. Commonwealth Ct. 505, 333 A. 2d 478 (1975), a case involving a motor vehicle license revocation based on a conviction for operating while intoxicated, the department took no action for approximately 15 months before revoking defendant's operating privileges. Defendant claimed that this violated the mandate that the revocation take place "forthwith." The court found that there was no prejudice to defendant and affirmed the lower court's decision upholding the revocation.

With reference to the case against the 1968 Rambler Sedan, the owner and operator of that vehicle at the time that the drug transaction took place was charged as a co-conspirator with the other participant. The defense contends that the decision of defendant to enter a plea bargain whereby he was given accelerated rehabilitative disposition under section 17 of the act precluded any action under the forfeiture sections. Defendant has not given any support for his assertion. And, while a defendant is under no obligation to prove his innocence, he likewise has no obligation to enter into the accelerated rehabilitative disposition program. The program is merely provided as an alternative to prosecution. He is neither adjudged guilty nor innocent. See Com. v. Armstrong, 30 Bucks 304 (1977). The

evidence presented clearly established by a preponderance of the evidence that the owner was aware that the vehicle was being used to transport and to facilitate the transportation and sale of controlled substances. It is of little moment that the owner was not convicted of the charges as the forfeiture proceedings are civil in nature and are not dependent upon the conviction of the owners.

Accordingly, we make the following

## ORDER

And now, October 26, 1977, it is ordered that One 1965 Rambler Sedan, Manufacturer's Serial Number E100537, bearing Pennsylvania Registration 24x154, Title No. F17005544; One 1967 Chevrolet Super Sport, Manufacturer's Serial No. 138177B200124, Pennsylvania Registration 12x836, Title No. D19115014; One 1971 Ford Van, Manufacturer's Serial Number E14GHL48493, Pennsylvania Registration No. CT33904, Title No. 266245465; One 1968 Oldsmobile Cutlass Coupe, Manufacturer's Serial Number 342878E152632, Pennsylvania Registration T46111, Title D19797309, shall be forfeited pursuant to the Controlled Substance, Drug, Device and Cosmetic Act and disposed of sec. leg.