Commonwealth of Pennsylvania, Appellant *v.* One 1976 Oldsmobile Cutlass Supreme, Appellee.

Argued April 4, 1984, before President Judge CRUMLISH, JR. and Judges MACPHAIL and COLINS, sitting as a panel of three.

*John O. J. Shellenberger*, Deputy Attorney General, Chief, Eastern Region, and *LeRoy S. Zimmerman*, Attorney General, for appellant.

*Christopher G. Furlong*, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 9, 1984:

Commonwealth appeals a Delaware County Common Pleas Court order dismissing a petition for forfeiture of an automobile and directing its return. We reverse.

On May 3, 1982, John P. Bell was arrested and charged with violating The Controlled Substance, Drug, Device and Cosmetic Act (Act).[1] At that time, a 1976 Oldsmobile Cutlass Supreme which he owned,

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101-144. The Act provides that property subject to forfeiture may be seized without process if the seizure is incident to arrest or if there is probable cause to believe that the property has been used in violation of the Act, 35 P.S. §780-128(b)(1), (4).

controlled and had in his custody, was impounded. The Commonwealth filed its petition for forfeiture of the vehicle eighty-two days later.

The trial court found that seizure of the vehicle and forfeiture was proper but that, due to the eighty-two day delay, Bell's due process rights were violated in that the petition for forfeiture had not been filed "forthwith" as required by the Act. We disagree.

This is a case of first impression. The issue is whether the petition for forfeiture, which was delayed eighty-two days, was filed "forthwith" within the meaning of the Act. Section 28(c) of the Act, 35 P.S. §780.128(c), provides in pertinent part:

In the event seizure without process occurs, as provided herein, proceedings for the issuance thereof shall be instituted forthwith.

This Court has previously defined the term "forthwith" as it was used in the Vehicle Code.[2] "We never have construed the 'forthwith' requirement to fix an arbitrary time limit; rather, we have held that . . . compliance within a reasonable time is sufficient." *Department of Transportation, Bureau of Traffic Safety v. Passerella*, 42 Pa. Commonwealth Ct. 352, 354, 401 A.2d 1, 2 (1979). "[A]bsent a showing of prejudice, the mere passage of time . . . is not sufficient justification to set aside the action . . . ." *Department of Transportation, Bureau of Traffic Safety v. Lea*, 34 Pa. Commonwealth Ct. 310, 312, 384 A.2d 269, 270-71 (1978). We find this definition equally applicable here.

The Commonwealth asserts that the filing of the petition for forfeiture of this vehicle was within a rea-

---

[2] Section 616(a) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *formerly* 75 P.S. §616(a), repealed by the Act of June 17, 1976, P.L. 162. A similar provision, which, however, does not contain the word "forthwith," is found at 75 Pa. C. S. §1532(b)(1).

sonable time since there was no prejudice to John P. Bell as a result of the eighty-two day delay. It cites as support *Commonwealth v. One (1) 1971 Ford LTD*, 245 Pa. Superior Ct. 303, 369 A.2d 414 (1976), which held that in certain situations the Act requires that a hearing on a petition for forfeiture of an automobile should be delayed until after the criminal trial of an automobile owner on pending drug charges. The court, in *One (1) 1971 Ford LTD* further held that, when the drug charges and forfeiture petition arose out of the same transaction, the owner of the property should be protected against self-incrimination which could occur if the forfeiture hearing would be held prior to the criminal trial.

Here, the petition for forfeiture was filed before the criminal trial was commenced and the forfeiture hearing was delayed until after the criminal trial. Under these circumstances, the eighty-two day delay was reasonable and no real prejudice to Bell resulted. The prejudice which Bell claims is the loss of the use of his car but, as we said in *One 1965 Buick 4 Door Sedan v. Commonwealth*, 46 Pa. Commonwealth Ct. 189, 191, 408 A.2d 157, 158 (1979), "that is the same 'prejudice' suffered by every person that uses his car to facilitiate illegal drug activity. Moreover, such 'prejudice' is . . . solely a result of . . . illegal use of the car.'"[3]

Reversed.

## ORDER

The Delaware County Common Pleas Court order, No. A-37 of 1982 dated December 12, 1982, is reversed.

------

[3] On September 20, 1982, Bell entered a guilty plea on the charges of possession of a controlled substance and possession of a controlled substance with intent to distribute.