496 A.2d 397

**COMMONWEALTH of Pennsylvania**

v.

**ONE 1979 LINCOLN, FOUR DOOR SEDAN.**

**Appeal of Duane K. KERSTETTER.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1984.

Filed June 7, 1985.

Reargument Denied Aug. 20, 1985.

---

**4.** Appellant's petition to vacate was filed well after the expiration of the period for appealing the December 29 order.

172

Lester H. Zimmerman, Jr., Mifflintown, for appellant.

William A. Helm, District Attorney, Lewistown, for Com., appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WICKERSHAM, Judge:

The instant appeal is a result of a civil action brought by the Commonwealth for forfeiture of One 1979 Lincoln, four door sedan, owned by Duane K. Kerstetter, appellant herein.

On June 15, 1982, appellant's vehicle was seized by agents of the Bureau of Narcotics Investigations and Drug Control and a petition for forfeiture of same was filed by the Commonwealth seventy-two (72) days thereafter. Seizure of appellant's vehicle was made incident to his arrest. In its petition, the Commonwealth alleged as its basis for forfeiture that the seized vehicle was used to transport appellant to the residence of Thomas C. Pollock, Union Township, Mifflin County, where, in conspiracy with others, a clandestine laboratory had been established with intent to manufacture methamphetamine. Appellant used his 1979 Lincoln to deliver aspirins, vaseline, sandwiches, and coffee to his co-conspirators who manufactured the controlled substance throughout the night.

On September 2, 1982, the lower court issued an order directing appellant to show cause why said vehicle should not be forfeited. A hearing was held on October 25, 1982 and forfeiture was directed. Exceptions were dismissed on August 25, 1983 and appellant filed this timely appeal. We affirm.

■ Initially, appellant claims that the petition for forfeiture filed by the Commonwealth was not filed "forthwith" as required by 35 P.S. § 780–128(b)(1) and (c).[1] Section 780–128 provides, in pertinent part, as follows:

1. Appellant raises four issues for our review, as follows:

(b) Property subject to forfeiture under this act may be seized by the law enforcement authority upon process issued by any court of common pleas having jurisdiction over the property. Seizure without process may be made if:

(1) The seizure is incident to an arrest or a search under a search warrant or inspection under an administrative inspection warrant;

. . . .

(c) In the event seizure without process occurs, as provided herein, *proceedings for the issuance thereof shall be instituted forthwith.* (Emphasis added)

Act of April 14, 1972, P.L. 233, No. 64, § 28, eff. June 14, 1972.

Appellant finds it "difficult" to accept a delay of seventy-two (72) days as complying with the statute's mandate that proceedings be instituted "forthwith." The Commonwealth looks to the interpretation of "forthwith" in *Commonwealth v. One 1976 Oldsmobile Cutlass Supreme,* 85 Pa. Commw. 433, 482 A.2d 686 (1984):

This Court has previously defined the term 'forthwith' as it was used in the Vehicle Code. 'We never have construed the "forthwith" requirement to fix an arbitrary time limit; rather, we have held that ... compliance within a reasonable time is sufficient.' *Department of Transportation, Bureau of Traffic Safety v. Passerella,* 42 Pa. [Commw.] 352, 354, 401 A.2d 1, 2 (1979). '[A]bsent a showing of prejudice, the mere passage of time ... is not sufficient justification to set aside the action....' *Department of Transportation, Bureau of Safety v.*

1. Does Commonwealth's petition for forfeiture allege a factual basis for forfeiture of defendant's vehicle under Act of Assembly of 1972, April 14, P.L. 233, No. 64, § 28 (35 P.S. 780–128)?
2. Was petition for forfeiture timely filed?
3. Did lower court err in granting the Commonwealth's request for continuance of October 5, 1982 hearing?
4. Is lower court's finding in favor of forfeiture supported in fact and law?
Brief for Appellant at 11.

*Lea,* 34 Pa. [Commw.] 310, 312, 384 A.2d 269, 270–71 (1978). We find this definition equally applicable here. *Id.* at 435, 482 A.2d at 687–88 (footnote omitted).

The commonwealth court continued, stating:

[T]he *eighty-two day* delay was reasonable and no real prejudice to [appellant] resulted. The prejudice which [appellant] claims is the loss of the use of his car but, as we said in *One 1965 Buick 4 Door Sedan v. Commonwealth,* 46 Pa. [Commw.] 189, 191, 408 A.2d 157, 158 (1979), 'that is the same "prejudice" suffered by every person that uses his car to facilitate illegal drug activity. Moreover, such "prejudice" is ... solely a result of ... illegal use of the car.'

*Id.* at 436, 482 A.2d at 688 (emphasis added) (footnote omitted).

Similarly, the decisions of *Commonwealth v. One 1965 Rambler Sedan,* 6 Pa. D. & C.3d 603 (1977) (where the time that elapsed between the seizure and the filing of the forfeiture petition was forty-seven days) and *Commonwealth v. One 1966 Porche Coupe,* 97 Dauphin 243, 245 (1975) (in which the elapsed time was a three week delay between seizure of the vehicle and the filing date of a forfeiture petition) indicate that the seventy-two (72) day delay in the instant case was *not* unreasonable. It is noted that appellant suffered no "prejudice"; in fact, the court ordered the return of the vehicle to appellant pending a final hearing.

■ Additionally, appellant further raises issue as to the tardiness of the actual hearing on the petition, which was not held until one hundred thirty-two (132) days following its filing.[2] In *One 1965 Buick 4 Door Sedan v. Commonwealth,* 46 Pa.Commw. 189, 408 A.2d 157 (1979), the court quoting the Honorable James E. Rowley, Jr. (now of this court) from orders of the Common Pleas Court, Beaver County, stated: "Whatever the reason, however, the burden

---

**2.** We note that the decision to allow the continuance of the October 5, 1982 hearing was well within the discretion of the trial court and thus of no moment in our decision. Pa.R.C.P. 216(A)(4).

was on respondent to establish the lack of any activity was for some improper purpose and/or that he has been prejudiced, i.e., harmed in some way." *Id.* at 191, 408 A.2d at 158. Appellant fails to show any "improper purpose" or "prejudice" in the instant forfeiture action.

■ We next address the central issue to this appeal: whether there were proper factual and legal grounds to effectuate a seizure and forfeiture of appellant's vehicle. The court is guided in its reasoning by the written framework of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, No. 64, § 28 (35 P.S. 780–128(a)).

This Act, as amended December 4, 1980, P.L. 1093, No. 186, § 3, provides for forfeiture of:

(1) All drug paraphernalia, controlled substances or other drugs which have been manufactured, distributed, dispensed, or acquired in violation of this act.

(2) All raw materials, products, and equipment of any kind which are used, or intended for use in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or other drug in violation of this act.

(3) All property which is used, or intended for use, as a container for property described in clause (1) or (2) of this subsection.

(4) *All conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2).*

35 P.S. 780–128(a) (emphasis added).

In application of this statute, the lower court made, *inter alia,* the following findings of fact and conclusions of law:

(1) Kerstetter was told to return to the laboratory in the morning with sandwiches and coffee for the people who would be manufacturing the controlled substance through the night.

(2) Kerstetter, along with a co-conspirator, returned in the morning on June 15 with the sandwiches and coffee that had been requested.

(3) Kerstetter had delivered the food in his 1979 Lincoln, four door sedan.

(4) There is little doubt that Kerstetter's knowledge and involvement in the operation was significant.

(5) His delivery of food and drink to the co-conspirators at the laboratory on June 15 was aimed at allowing the manufacturing process to continue smoothly and without interruption.

Lower ct. op. at 5–6.

Appellant initially avers that the Commonwealth's petition was defective because his activity did not fall within the language set forth and described in 35 P.S. 780–128; appellant further states that the Act makes no mention of the use of a conveyance to facilitate the manufacture of controlled substances. These alleged factual inadequacies, as raised by appellant in his first and fourth issues, will be addressed simultaneously.

Our research locates no Pennsylvania forfeiture cases on point with the facts of the instant case. Hence, we look to the case law construing 21 U.S.C. § 881(a)(4). The federal forfeiture provision is a mirror-image of 35 P.S. § 780–128(a)(4), *i.e.*, an intentional patterning of the Pennsylvania Legislature, allowing the forfeiture remedy to become available as a means of combatting drug trafficking in Pennsylvania.

The statutory language of the federal forfeiture statute provides that a vehicle is subject to forfeiture if it is used *"in any manner to facilitate* the transportation, sale, receipt, possession, or concealment of [contraband]." 21 U.S.C. § 881(a) (emphasis added). Facilitation has been broadly construed to encompass any use or intended use of a vehicle which makes trafficking in contraband "less difficult and laborious." There is no requirement that contraband actually be found within the vehicle. *United States v. One 1980 BMW 3201*, 559 F.Supp. 382, 384 (E.D.N.Y.1983).

A district court within the Third Circuit has defined "facilitation" by asking whether there was a reasonable ground for belief that the use of the automobile made the sale [transportation, receipt, possession, or concealment of contraband] less difficult and allowed it to remain more or less free from obstruction or hinderance. *United States v. One 1981 Datsun 280ZX,* 563 F.Supp. 470, 473 (E.D.Pa.1983) (citations and quotations omitted).

It is clear to this court that Kerstetter's use of his 1979 Lincoln to deliver food and drink to his co-conspirators at the clandestine laboratory, made the manufacture of the controlled substance "less difficult and laborious" by allowing the process to continue without interruption. In addition, by having food supplies brought to the laboratory, the conspirators were able to remain at such for purposes of manufacturing, thus the use of the automobile made the possession and concealment of the controlled substance less difficult and allowed the manufacturing to remain more or less free from obstruction or hinderance.

We conclude that the use of the 1979 Lincoln, four door sedan, had a sufficient nexus with the drug manufacturing so as to justify application of the forfeiture provision under "The Controlled Substance, Drug, Device and Cosmetic Act," 35 P.S. § 780–128(a)(4).

Order affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. Evidence that a 1979 Lincoln Continental was used to deliver sandwiches and coffee [1] to a residential dwelling does not subject the vehicle to confiscation and forfeiture. Forfeiture is not required merely because the occupants of the residence had there established a clandestine laboratory for the manufacture of methamphetamine.

---

1. Evidence that aspirin and vaseline was also being delivered was ambiguous and, apparently, was not accepted by the hearing court.

The legislature, at 35 P.S. § 780–128(a) (1977 & 1984–1985 Supp.), has provided:

(a) The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

(1) All drug paraphernalia, controlled substances or other drugs which have been manufactured, distributed, dispensed, or acquired in violation of this act.

(2) All raw materials, products, and equipment of any kind which are used, or intended for use in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or other drug in violation of this act.

(3) All property which is used, or intended for use, as a container for property described in clause (1) or (2) of this subsection.

(4) *All conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2). . . .*

(5) All books, records, and research, including formulas, microfilm, tapes and data which are used, or intended for use, in violation of this act. (emphasis added).

The trial court concluded, and the majority agrees, that in this case the evidence established that the vehicle had been used to facilitate the transportation, sale, receipt, possession or concealment of methamphetamine. I disagree. I am unable to find any evidence that the vehicle was intended to be used for any such purpose. I reject the conclusion that because the vehicle was being used to deliver food and beverages it was being used to facilitate the sale, possession or concealment of a controlled substance.

The delivery of food and beverages, in my judgment, did not bear a direct, causal connection with the possession or manufacture of illegal drugs. The existence of any connection was speculative at best. If it did exist, the relationship between food and the possession of drugs was incidental only. I would conclude that the legislature intended to

require more than a merely speculative and incidental connection of the type here revealed by the evidence. Otherwise, the forfeiture of vehicles will become a probability whenever the owner is or has been in any way involved in drug abuse. It will then become difficult to imagine any use of a vehicle by a person who is using or selling drugs or who intends to use or sell drugs which will escape the directive to confiscate. If that is what the legislature intended, I believe it would have said so. It would not have required that the vehicle be used to facilitate, i.e., to make easier or less difficult, the sale, possession or concealment of controlled substances or drug paraphernalia. The legislature, in my judgment, required a more direct relationship than that evident in the delivery of food to the home of one who is illegally in possession of a controlled substance.

I would reverse the forfeiture ordered by the trial court. I do not reach or consider whether the forfeiture proceedings in this case were issued "forthwith" after the vehicle had been seized without process.