550 A.2d 597

Commonwealth of Pennsylvania *v.* One 1984 Ford Bronco Truck Vehicle I.D. # FMCU14S5EUDO4-164. Michael L. Stoe, Appellant.

Argued September 15, 1988, before Judges COLINS and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Robert A. Longo,* for appellant.

*Richard W. Sponseller,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE COLINS, November 16, 1988:

Michael L. Stoe (appellant) appeals an Order of Forfeiture and Condemnation entered against his 1984 Ford Bronco II on December 9, 1987 by the Lancaster County Court of Common Pleas (trial court), pursuant to Section 28 of The Controlled Substance, Drug, Device and Cosmetic Act (Act).[1] We affirm.

The relevant facts are as follows. On January 30, 1987, State Trooper Allen Lohman, while working undercover, was introduced to Randy Stoe (Randy). The introduction identified Randy as a drug dealer. Through a series of conversations, as well as drug purchases, Trooper Lohman learned that Randy's supplier was a cousin of Randy's, Michael Stoe, appellant herein.

---

[1] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-128.

On February 11, 1987, Trooper Lohman met Randy in a tavern in Elizabethtown, Pennsylvania for the purpose of purchasing cocaine. The men traveled to a manufacturing plant in Lancaster to look for appellant's vehicle to determine if appellant was working that evening. Their search for the vehicle was unsuccessful, however, and Randy subsequently left messages with appellant's wife and at appellant's home, to meet Randy and Trooper Lohman at the Warehouse Tavern in Lancaster. Upon their arrival at the tavern, Trooper Lohman gave Randy money for the drug purchase. At approximately 11:15 P.M., appellant entered the tavern and was approached by Randy. Trooper Lohman observed the two men converse briefly and then observed Randy give appellant money. Appellant then departed the tavern but returned within a short period of time. Trooper Lohman observed appellant and Randy again converse briefly and then observed appellant return money to Randy. Following this final encounter, Randy informed Trooper Lohman that no cocaine could be obtained at that time.

On several occasions during February 1987, Trooper Lohman met with Randy to purchase cocaine. At each meeting Randy left either by himself, or with appellant, in appellant's Ford Bronco II, for the stated purpose of obtaining cocaine. On these occasions, Randy usually returned accompanied by appellant in his Ford Bronco II, and Randy usually delivered cocaine to Trooper Lohman immediately upon exiting the vehicle. During the same period of time, Lohman also observed what he believed to be drug transactions between appellant and other unidentified persons, conducted from appellant's Ford Bronco II.

Appellant's Ford Bronco II was seized by police on March 27, 1987 following the arrest of both appellant and Randy Stoe. Following a hearing before the trial

court on December 7, 1987, appellant's vehicle was forfeited to the Commonwealth based upon the court's conclusion that the vehicle was used "to transport and facilitate the sale of a controlled substance."[2] This appeal followed.

Appellant argues that there was insufficient evidence to support the trial court's finding that his vehicle was unlawfully used to transport a controlled substance. Appellant also argues that the trial court erred in admitting out-of-court statements made by his cousin, Randy, without requiring the Commonwealth to produce evidence other than the statements made by Randy to prove the existence of a conspiracy.

Section 28(a)(4) of the Act provides in pertinent part:

(a) The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

. . .

(4) All conveyances, including . . . vehicles, . . . which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2). . . .

35 P.S. §128(a)(4) (referring to controlled substances).

Moreover, Section 29(e) of the Act sets forth the procedure of a forfeiture hearing as follows:

(e) At the time of the hearing, if the commonwealth produces evidence that the property in question was unlawfully used or possessed, the burden shall be upon the claimant to show:

(1) That the claimant is the owner of the property . . . ;

[2] Pursuant to Section 29(a) of the Act, 35 P.S. §780-129(a), a forfeiture proceeding is a proceeding in rem. Appellant's vehicle, therefore, is the defendant in this action.

(2)  That the claimant lawfully acquired the property;

(3)  That it was not unlawfully used or possessed by him;

(4)  In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent.

35 P.S. §129(e).

Accordingly, the Commonwealth had the initial burden of establishing by a preponderance of the evidence that appellant's vehicle was involved in the sale or transport of a controlled substance. *Commonwealth v. One 1985 Cadillac Seville,* 371 Pa. Superior Ct. 390, 538 A.2d 71 (1988). To meet its burden, the Commonwealth presented Trooper Lohman who testified that on two different occasions Randy delivered cocaine to him almost immediately upon exiting appellant's vehicle. We find that the Commonwealth successfully established by a preponderance of the evidence that the appellant's vehicle was involved in illegal drug activity.[3] Consequently, the burden shifted to appellant to demonstrate that the vehicle was not unlawfully used. Appellant, however, failed to present any evidence which might have established his lack of participation or knowledge concerning the illegal drug activity. We find, therefore, that appellant's vehicle was properly forfeited to the Commonwealth.

The Commonwealth sustained its burden of proof for the forfeiture action by way of Trooper Lohman's un-

---

[3] Appellant's counsel apparently confused the standard of proof for this proceeding. A forfeiture proceeding is an administrative proceeding and, therefore, the proper standard of proof is a preponderance standard, not the reasonable doubt standard employed in a criminal proceeding.

contradicted testimony. This testimony clearly established the existence of a conspiracy to deliver controlled substances apart from the out-of-court statements of the co-conspirator. Therefore, once the conspiracy had been established, the admission of the statements was proper.

Affirmed.

## ORDER

AND NOW, this 16th day of November, 1988, the order of the Lancaster County Court of Common Pleas ordering the forfeiture of One 1984 Ford Bronco II is affirmed and the Ford Bronco II is hereby forfeited to the Commonwealth.

Judge MACPHAIL did not participate in the decision in this case.