## Commonwealth v. One 1986 Chevrolet Truck

*Mary Carroll Favinger, assistant district attorney,* for the commonweatlh.
*Leonard N. Herb,* for claimant.

WESNER, *S.J.,* December 8, 1988 — The commonwealth brought this action in rem to forfeit one 1986 Chevrolet Truck, Vehicle Identification no. 2GCDC14N5G119634, which was seized by the Wyomissing Police Department, Berks County, Pa.

The seizure of the truck was made by virtue of authority contained in sections 128 and 129, forfeiture provisions of the Pennsylvania Controlled Sub-

stance, Drug, Device and Cosmetic Act.[1] Alleged violations of the said act occurred on March 18, 1988 and May 3, 1988.

There was defense evidence, not contradicted, that the truck was purchased by Mary G. Lawrence, mother of Kevin Lawrence. She did not use the truck in any manner by which she could claim equitable ownership. She stated that the son would pay her back when he could. We find no merit in the contention that the desire to save insurance premiums could establish equitable ownership.

The burden of proof is upon the commonwealth. It is the commonwealth's position that it established by a preponderance of the evidence that the said truck was used to facilitate the transportation and possession of a controlled substance and, thus, that the statute militates in favor of forfeiture. There is case law to substantiate that use of an automobile "in any manner to facilitate the transportation, sale, receipt, possession or concealment" of drugs is a basis for forfeiture.[2]

There was testimony by County Detective Craig Wieder on behalf of the commonwealth that two purchases of controlled substance were made from Kevin Lawrence while he was using and possessing the 1986 Chevrolet truck. County Detective Craig Wieder's testimony established that Kevin Lawrence's use of the 1986 Chevrolet truck to transport the drugs (cocaine and marijuana) subjected same to forfeiture proceedings. The burden then shifted to claimant-mother to prove that she

1. The Controlled Substance, Drug Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-101 et seq., especially sections 128 and 129.

2. *Commonwealth v. 1978 Toyota*, 321 Pa. Super. 549, 468 A.2d 1125 (1983); *Commonwealth v. One 1979 Lincoln*, 344 Pa. Super. 171, 496 A.2d 397 (1985).

was the "owner of the property, the holder of chattel, mortgage or contract of conditional sale thereon," 35 P.S. §780-129(e), and would be a victim of this unjust forfeiture.

The truck in this proceeding was titled to Kevin Lawrence. However, the claimant here, Mary G. Lawrence, testified that she had paid for the auto by turning in her son's old car which she had previously bought for him, along with other monies, and that she had conveyed title to him and had done so to keep him off welfare and expected him to be responsible for the insurance.

The commonwealth contends that whatever rights Mary G. Lawrence had in the truck, she had relinquished to her son, Kevin Lawrence, giving him sole possession of its use and he exercised control and dominion over it.

There seems to be no case in Pennsylvania on point similar to facts of instant case. However, federal forfeiture provisions are almost identical to 35 P.S. §780-128/129 and there is a similar federal case, see *U.S. v. One 1971 Porsche Coupe*, 364 F.Supp. 745 (E.D. Pa., 1973) where the claimant, father of a son who had been arrested and convicted of drug possession while using the 1971 Porsche Coupe, argued that he, the father, was the title owner, had paid for the automobile and had no knowledge of the illegal activities during its use. The court found the father not to have the "requisite real interest" in the automobile and it would be the son who would suffer the loss occasioned by forfeiture.

The defense cites from *Commonwealth v. One 1970 Fiat Sedan*, 6 D. & C. 3d 607 (1978) where an automobile purchased largely by an innocent person but titled in name to another for insurance purposes, who was arrested for violation of Controlled Substance Act while using the vehicle. The court

held that the innocent party used the vehicle every day to go to work and conducted herself in a manner to support her claim of actual ownership. We find this case clearly distinguishable. We believe that Mary Lawrence purchased the automobile for the sole use by her son, Kevin Lawrence. She did not convey title to him or change insurance to keep her costs down. She simply was helping her child and had no real interest in the auto.

We are persuaded that the claimant has failed to show requisite real interest in the property and, therefore, we find proper the forfeiture against the 1986 Chevrolet Truck owned by Kevin Lawrence to facilitate transportation and possession.