## Commonwealth v. One 1987 Nissan

*Johnna J. Deily, assistant district attorney,* for the commonwealth.

*Marlin R. McCaleb,* for claimant.

HOFFER, *J.,* January 5, 1990 — At approximately 12:30 a.m. on October 4, 1988, Officer Thomas Kauffman of the Upper Allen Township Police Department stopped the above-captioned vehicle for being driven with a non-functioning headlight. The driver of the automobile is the owner-claimant in this action. While conversing with the driver, Officer Kauffman noted that the driver's speech was slurred and his movements slow and

deliberate. Officer Kauffman therefore requested the driver to take sobriety tests, whereupon the driver fell to the ground, vomited, and passed out.

Upon reviving, the driver volunteered that he had ingested LSD earlier in the evening, and produced several tabs of LSD from his wallet, which he was carrying in his hip pocket. The driver was thereupon arrested and charged with various offenses, including violations of the Controlled Substance, Drug, Device and Cosmetic Act. Several months after the arrest, the commonwealth petitioned for forfeiture of claimant's vehicle pursuant to 42 Pa.C.S. §6801(a)(4), and this court issued a rule to show cause why the requested forfeiture should not be effectuated. In response, and at a later hearing in this matter, the driver did not deny that he is the owner of the automobile, nor that he was driving it with LSD in his wallet; nevertheless, he disputes that the above facts subject his vehicle to forfeiture under 42 Pa.C.S. §6801(a)(4).

## DISCUSSION

Title 42 Pa.C.S. §6801(a)(4) provides for forfeiture to the commonwealth of "[a]ll conveyances, including aircraft, vehicles, and vessels, which are used or intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [controlled substances under 35 P.S. §780-101 et seq.]" The only exception to section 6801(a)(4) that pertains to the instant case provides that no vehicle is to be forfeited when the crime charged is possession of small amounts of marijuana that are not for sale. See 42 Pa.C.S. §6801(a)(4)(iv). Such forfeiture proceedings, while quasi-criminal in nature, are civil in form. *Commonwealth v. 1978 Toyota*, 321 Pa. Super. 549, 552, 468 A.2d 1125, 1126

(1983). Therefore, the commonwealth need only establish by a preponderance of the evidence that claimant's automobile was involved with illegal drug activity. *Commonwealth v. One 1984 Ford Bronco Truck,* 121 Pa. Commw. 160, 164, 550 A.2d 597, 598 (1988). Once such evidence is produced, the burden shifts to claimant to contradict it. *Id.*

In the instant case, the claimant admits to having a small amount of LSD on his person while he was driving his automobile. He denies, however, that this fact is sufficient to subject the vehicle to forfeiture under 42 Pa.C.S. §6801. We must therefore determine whether the fact that a person possesses a small amount of a controlled substance while operating a vehicle can be construed as using the vehicle to ". . . in any manner facilitate the transportation . . . [or] possession . . ." of the substance, thus subjecting the automobile to forfeiture to the commonwealth.

We note first that 42 Pa.C.S. §6801 is of fairly recent origin, having become effective only on June 30, 1988. The language of section 6801(a)(4) governing the forfeiture of vehicles and other conveyances is virtually identical to that of the former forfeiture statute at 35 Pa.C.S. §780-128(a)(4). The only significant difference between the old and new statutes lies in the types of narcotics violations that do *not* subject a vehicle to forfeiture. The former statute provided that a conveyance would not be forfeited when the only activity it was connected with was the unlawful possession of *any* controlled substance. See 35 Pa.C.S. §780-128(a)(4)(iv). In contrast, as we have previously noted, the only exception to the forfeiture provisions of section 6801(a)(4) is the possession of small amounts of marijuana alone. We find it significant that in enacting 42 Pa.C.S. §6801(a)(4), the legislature used language identical with that of former 35 Pa.C.S. §780-128(a)(4), *except* for the provision in the

latter that the possession of controlled substances alone will not subject a vehicle to forfeiture. By dropping that particular exception while re-enacting the rest of the former statute verbatim, the legislature obviously intended that the only violation of the Controlled Substance, Drug, Device, and Cosmetics Act that will *not* subject a vehicle to forfeiture is the possession of small amounts of marijuana.

Because of section 6801's recent origin, there are no Pennsylvania cases that we have found, after much research, that interpret it.[1] We also note that case law under former 35 Pa.C.S. §780-128 does not aid us in the instant case, since the offense charged here is simple possession, which, as we have noted above, would not subject a vehicle to forfeiture under that statute. We therefore turn for guidance to the federal forfeiture law at 21 U.S.C. §881(a)(4), which contains virtually identical language to both the present and former Pennsylvania statutes.[2] In *Commonwealth v. One 1979 Lincoln Four-Door Sedan,* 344 Pa. Super. 171, 177, 496 A.2d 397, 400 (1985), our Superior Court noted that Pennsylvania has intentionally patterned its forfeiture statutes on the federal law, and therefore approved the use of case law under section 881 to construe corresponding forfeiture provisions under Pennsylvania law.

An examination of federal cases under 21 U.S.C. §881(a)(4) provides strong support for forfeiture of

1. While we have found many judicial "orders" forfeiting vehicles, from other Pennsylvania counties, they have not been accompanied by written opinions.

2. The only difference between 21 U.S.C. §881(a)(4) and the Pennsylvania statutes is that under section 881, the use of a vehicle to facilitate the transportation, sale, receipt, or possession of *any* controlled substance subjects that vehicle to forfeiture; there is no exception in federal law for possession of small amounts of marijuana, as there is at 42 Pa.C.S. §6801(a)(4)(iv).

claimant's vehicle in the instant action. First, federal cases have consistently held that the amount of narcotics present is irrelevant; even the possession of a minute amount of drugs will support forfeiture of a vehicle. *United States v. $280,505*, 655 F.Supp. 1487, 1497 (S.D. Fla. 1986). See also, *United States v. One 1973 Jaguar Coupe*, 431 F.Supp. 128 (S.D.N.Y. 1977) (two small packets of heroin); *United States v. One 1971 Porsche Coupe*, 364 F.Supp. 745, (E.D. Pa. 1973) (small package of cocaine). In addition, neither the fact that the controlled substance was for the possessor's personal use rather than for distribution (see *United States v. One 1975 Mercury Monarch*, 423 F.Supp. 1026 (S.D.N.Y. 1976)), nor the fact that the drugs were on the person of a driver or passenger in the vehicle, rather than concealed directly within the automobile itself (see *United States v. One 1973 Dodge Van*, 416 F.Supp. 43 (E.D. Mich. 1976)), is a bar to forfeiture under section 881. Federal courts construing section 881 have consistently ruled that the mere fact that a controlled substance is present within a vehicle, boat or other conveyance is sufficient to mandate forfeiture, on the grounds that the vehicle was used to facilitate either the transportation (see *United States v. One Clipper Bow Ketch Nisku*, 548 F.2d 8 (1st Cir. 1977)) or the possession (see *United States v. One 1973 Dodge Van, supra*) of the substance.

The above case law, along with the plain language of 42 Pa.C.S. §6801(a)(4), mandates the forfeiture of claimant's vehicle to the commonwealth. While forfeiture is harsh under the circumstances of this case,[3] we have no doubt that the legislature intended such a result. By specifically declining to re-enact

3. We assume that these types of forfeitures will become commonplace in this jurisdiction, regardless of the amount of controlled substance involved, and we assume that this procedure will be uniformly applied. This statute is, in effect, a "zero-tolerance" statute.

the former exception for simple possession contained in 35 Pa.C.S. §780-128(a)(4)(iv) into 42 Pa.C.S. §680(a)(4), the legislature gave notice that, with the exception of possession of small amounts of marijuana, the use of a vehicle to facilitate *any* violation of the Controlled Substance, Drug, Device and Cosmetic Act will subject that vehicle to forfeiture to the commonwealth.

We find, therefore, that the commonwealth has met its burden in demonstrating by a preponderance of the evidence that the automobile in question was in fact used to facilitate possession of a controlled substance. Indeed, claimant does not dispute that LSD was on his person while he was within the vehicle. Under the cases cited above, this fact is all that is necessary to subject the vehicle to forfeiture.

## ORDER OF COURT

And now, January 5, 1990, the commonwealth's petition for forfeiture is granted.