## Commonwealth v. Scott

*Mary Ellen Favinger, assistant district attorney,* for the Commonwealth.

*Lawrence J. Hracho,* for defendant.

SMITH, *J.,* May 24, 1991—On May 14, 1990, defendant, Kevin Brian Scott, was pulled over by Reading police officers acting upon a legitimate probable cause that defendant had just completed a drug deal. After stopping the vehicle, a 1981 Dodge van, the police officers conversed with defendant and asked him if they could search the vehicle. Defendant replied, "Yes." The officers then searched the vehicle and found inside a 2-ounce bag of cocaine. Defendant's person was subsequently searched and the police discovered $200 cash, U.S. currency. Defendant was then charged with various violations of the Controlled Substances, Drug, Device and Cosmetic Act.[1]

In accordance with the above arrest, Officer Bruce Dietrich immediately seized both defendant's vehicle and currency pursuant to the Controlled Substance Forfeiture Act[2] which allows for the immediate seizure of vehicles and currency used to facilitate drug-related crimes. However, it was later discovered defendant was not the legal owner of the van. In fact, defendant at the time was operating the vehicle with a suspended motor vehicle license due to a DUI-related charge. The legal owner of the van was defendant's fiancee, Sandra Homan, of Reading, Pennsylvania, with whom he was living with at the time.

Defendant alleges the forfeiture petition is inadequate and sets forth three issues in support of the argument. These issues are as follows:

---

1. 35 Pa.C.S. §780-101 et seq.
2. 42 Pa.C.S. §6801.

(1) The forfeiture petition is deficient because it was not filed "forthwith" pursuant to Controlled Substance Forfeiture Act, section 6801(c).

(2) The forfeiture petition is not properly verified pursuant to Controlled Substance Forfeiture Act, section 6802(a).

(3) The Commonwealth did not meet its burden of proof that the owner of the vehicle had knowledge or consent as to the illegal use of the 1991 Dodge van. We shall address these issues seriatim.

Defendant first contends the forfeiture petition is not in compliance with section 6801(c), which states that when a seizure without process occurs, "proceedings for the issuance thereof shall be instituted forthwith." However, section 6801(b) states that seizure without process may be made if the seizure is incident to an arrest. In light of this court's recent ruling that the arrest of Kevin Scott was lawful,[3] section 6801(b) would be the applicable section and seizure without process may be made as defendant was given adequate notice at the time of his arrest that the vehicle and currency would be subject to forfeiture.

Defendant also raises a second argument related to "forthwith" in that the Commonwealth acted in variance with this term by failing to act with reasonable promptness subsequent to the seizure of the property so as to protect the claimant's constitutional right to due process. Defendant fails to develop this argument further except to make a passing reference to three federal court cases whose relevancy to the instant proceedings is dubious at best. Our own research has indicated that the term "forthwith" is not defined in the statute. Case law, however, has stated that in order for a delay in filing a forfeiture petition to be adjudged unreasonable

---

3. See trial court opinion, filed May 20, 1991.

and thus void, defendant must show he was actually prejudiced by the delay in filing. A mere passing of time is not enough. *Commonwealth v. 1976 Oldsmobile Cutlass Supreme,* 85 Pa. Commw. 433, 435, 482 A.2d 686, 687 (1984). In the instant case, defendant has not shown any prejudice in the delay of the filing of the forfeiture other than the loss of the use of his van. This is the same prejudice shown by every individual who uses his car to facilitate illegal drug activity and such prejudice will not be considered when evaluating a delay in the filing of a forfeiture petition. *Id.* at 436, 482 A.2d at 688. Furthermore, this incident took place on May 14, 1990, the petition was filed on August 20, 1990 and signed by the court on September 20, 1990. This length of time is not unreasonable and defendant having averred no actual prejudice, his argument is dismissed.

Appellant next contends the forfeiture petition was not properly verified pursuant to section 6802(a), which states that a petition "shall be verified by oath or affirmation of an officer or citizen." Rule 76 of the Pennsylvania Rules of Civil Procedure defines "verified" as a statement supported by oath or affirmation or made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities. The Commonwealth has adequately complied with the verification as the assistant district attorney at the end of the forfeiture petition does so state that the allegations made in the petition are true and correct subject to penalty under the law. Defendant's counterargument, that the Commonwealth improperly relied upon a motion under the rules of criminal procedure instead of civil procedure to verify the petition, is an insignificant distinction in light of the Commonwealth's complete adherence to verification as the word is defined in Pennsylvania Rules of Civil Procedure.

Lastly, defendant has asserted the "innocent owner" defense to the forfeiture. Defendant's argument is that the legal owner of the vehicle was unaware of the van's use for illegal activities or had any knowledge of Kevin Scott driving motor vehicles while he was under license suspension. The Commonwealth need only prove the owner's knowledge or consent by a preponderance of the evidence and we rule that the Commonwealth has met its burden.

At the forfeiture hearing, Sandra Homan, defendant's fiance and legal owner of the van, testified that she did not give permission to Kevin Scott to use the van for illegal activity. Ms. Homan further testified that she was aware of Kevin Scott's license suspension and to the best of her knowledge, Scott was not driving any vehicle at all. The Commonwealth rebutted Homan's testimony through two major points. First, although the van was titled to her it was part of the partnership of Scott and Scott Construction, a business owned and managed by Kevin Scott and his brother. There was the strong inference that Scott, while working for the partnership, utilized the van almost every day in its business operations. Scott was, in fact, driving the van the night he was arrested for drug possession. It strains the bounds of credibility to assume that Ms. Homan, herself a partner in the business, would be unaware as to who was driving the partnership vehicles. Secondly, Ms. Homan stated to her knowledge that Scott was not driving at all, but Officer Dietrich testified that after the Scott arrest, he was seen driving Ms. Homan's personal automobile, a 1990 Chevy Blazer. Finally, there exists the obvious possibility that Ms. Homan was being less than candid with the court because of her relationship to defendant. They are engaged and were living to-

gether at the time of the incident. This further belies the possibility she was unaware of Mr. Scott driving any vehicle, let alone her own personal automobile. There is no question Ms. Homan is an interested party to this case and therefore her testimony should be weighed accordingly.

In conclusion, we find the forfeiture petition valid in all respects and dismiss defendant's arguments to the contrary.