## Commonwealth v. One 1984 Saab Coupe

*Joseph C. Madenspacher, assistant district attorney,* for the Commonwealth.

*J. Richard Gray,* for vehicle owner.

ALLISON, *J.,* March 20, 1992—This case involves a forfeiture action instituted by the Commonwealth

against Richard D. Rineer Jr., owner of the vehicle subject to the proposed forfeiture. The Commonwealth has brought this action under the authority of the Controlled Substance Forfeiture Act, 42 Pa.C.S. §6801(a). The Act requires forfeiture of a conveyance, including aircraft, vehicle and vessel, used in any manner to facilitate the transportation, sale, receipt, possession or concealment of controlled substances.[1] The court held oral argument concerning the petition on March 17, 1992. No additional testimony was taken at this time and counsel stipulated at the hearing that the facts as averred in paragraph four of the forfeiture petition would constitute the record upon which the court will make its ruling.

The facts, as stated in paragraph four of the petition, are as follows:

"Two purchases of cocaine were made from Richard D. Rineer using a confidential informant and the assistance of Lancaster County detectives. The first transaction took place on May 30, 1991. In the first transaction the confidential informant met with Mr. Rineer at his residence on James Street in Lancaster. Mr. Rineer was observed arriving at his residence in the 1984 Saab Coupe no. YS3AM45-J7E10987. The confidential informant then purchased one half-ounce of cocaine for $500. On June 6, 1991, the confidential informant, with the assistance of Lancaster County detectives, again went to the residence of Richard Rineer to make a purchase of cocaine. Upon his arrival at 232 West James Street, the confidential informant did not initially find Mr. Rineer but Mr. Rineer arrived

---

1. 42 Pa.C.S. §6801(a)(4).

soon after the confidential informant. The confidential informant then did purchase one half-ounce of cocaine for $500 from Mr. Rineer.

"As a result of these transactions Mr. Richard D. Rineer Jr. was charged with two counts of delivery of cocaine."

We find these facts deficient in proving the necessary nexus between the forfeiture of the property and the alleged crime. For the reasons stated below, we deny the Commonwealth's forfeiture petition.

The Commonwealth has the burden of proving, by a preponderance of the evidence, the nexus between the crime and the property subject to forfeiture. *Commonwealth v. One 1988 Ford Coupe*, 393 Pa. Super. 320, 574 A.2d 631 (1990); *Commonwealth v. One 1988 Suzuki Samurai*, 139 Pa. Commw. 68, 70, 589 A.2d 770, 771, n.2 (1992). In the instant case, the Commonwealth offered no proof that the defendant used his car to facilitate these two particular drug transactions. The stipulated facts regarding the two incidents of cocaine delivery only state that the informant waited for Mr. Rineer at his place of residence until he arrived home and then the alleged transactions took place. The record is devoid of any factual support, whether direct or implied, linking the defendant's ride home to the ensuing drug transactions in his residence. On the contrary, the record supports the conclusion that the drug transactions that occurred within defendant's residence were two separate and distinct acts apart from his drive home. The Commonwealth offered no evidence that the defendant possessed drugs in his car, used his car to transport drugs or in any other way facilitated the

transport of drugs by using his vehicle on the aforesaid dates. An impartial reading of the facts indicates the defendant simply arrived home to find the confidential informant waiting for him and then negotiated the drug sales with cocaine which very possibly was already present in the home.

In support of its position, the Commonwealth wishes the court to consider *Commonwealth v. One 1979 Lincoln Four-Door Sedan,* 344 Pa. Super. 171, 496 A.2d 397 (1985). In this case, the use of an automobile to bring sandwiches and coffee to workers manufacturing illegal drugs in a clandestine laboratory had a sufficient nexus with drug manufacturing so as to justify application of the forfeiture statute. However, the facts of *Lincoln, supra,* are distinguishable from the case at bar. In *Lincoln,* the owner of the forfeited vehicle was a co-conspirator to a prearranged plan to manufacture drugs. He was fully aware of the clandestine laboratory and its purposes. His car helped facilitate the manufacture of drugs because he used it to provide food and beverages to laboratory workers so they could continue their illicit activity. In contrast, in the case sub judice, the owner was not a co-conspirator and did not even know of the alleged transactions until after he arrived at his residence. In this regard it was the defendant's residence and not his car that was the property which helped facilitate the violation of the Controlled Substance, Drugs, Device and Cosmetic Act.[2] In short, there was not enough evidence in the record to support the Commonwealth's assertion that on May

___
2. Act of April 14, 1972 P.L. 233, as amended, 35 Pa.C.S. §780-113.

30, 1991, and on June 6, 1991, defendant used his car to facilitate these drug transactions.

Accordingly, the following order is hereby issued.

## ORDER

And now, March 20, 1992, hearing having been held in the above-captioned matter, and after a review of the Commonwealth's forfeiture petition, said petition is hereby denied.